IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-00030-FL
No. 4:14-CV-00065-FL

| | |
|---|---|
| **Roylin Junius Beale,** | |
| Petitioner, | |
| v. | **Memorandum & Recommendation** |
| **United States of America**, | |
| Respondent. | |

Petitioner Roylin Junius Beale, proceeding under 28 U.S.C. § 2255, seeks to vacate the 118 month sentence of imprisonment imposed in connection with his guilty plea to one count of possession of a firearm by a convicted felon ("Motion to Vacate"). Beale argues that he is entitled to relief because his attorney was ineffective when he failed to: challenge Beale's detention prior to the search, challenge the warrantless search, move for the suppression of evidence seized in absence of a search warrant, or interview and investigate witnesses. The Government argues that Beale is not entitled to relief because he has failed to allege sufficient facts to establish that counsel's performance was deficient or that he was prejudiced by his attorney's allegedly inadequate performance. It also argues that Beale's guilty plea and his plea agreement foreclose his collateral attack on his sentence.

After reviewing the docket and the arguments of the parties, it appears that Beale is not entitled to the relief he seeks because he failed to demonstrate that his counsel was ineffective either at the arraignment or at sentencing. Therefore, the undersigned recommends[1] that the

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

court deny Beale's Motion to Vacate (D.E. 58) and grant the Government's Motion to Dismiss (D.E. 62).

## I.    Background

In 2011, Beale entered a guilty plea to one count of possession of a firearm by a convicted felon.  After the court conducted its Rule 11 colloquy and Beale pled guilty, the Government made a proffer of the evidence which it believed it could establish if the case were to go to trial.  Based upon the colloquy and the Government's proffer, the court accepted Beale's guilty plea and adjudged him guilty.  D.E. 54 at 22:10–19. In exchange for the guilty plea, the Government agree to dismiss Count II of the indictment, possession of a firearm with an obliterated serial number.

Prior to his sentencing hearing, the United States Probation Office prepared a Presentence Investigative Report ("PSR") that outlined various factors that would inform the court's decision regarding Beale's sentence. The PSR calculated an advisory guideline range of 180–188 months incarceration and further noted that the statutory provisions called for a minimum term of imprisonment of 15 years. D.E. 36 at ¶¶ 51, 52. At sentencing, counsel for Beale successfully challenged his classification under the Armed Career Criminal Act.  The court ultimately sentenced Beale to a 118 month term of imprisonment.  This sentence reflected an upward departure of 31 months added to the high end of his revised advisory guideline range of 70–87 months.

Beale unsuccessfully appealed his sentence to the Fourth Circuit Court of Appeals and did not seek a writ of certiorari from the Supreme Court.  On April 16, 2014, he filed his Motion to Vacate and the Government responded by filing a Motion to Dismiss.

## II.     Analysis

### A.     Standard of Review for § 2255 Petitions

In order to prevail on his Motion to Vacate, Beale must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion." 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (*per curiam*).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a § 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions. Rules Governing Section 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

The Supreme Court has explained that in order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a § 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

**B.    Ineffective Assistance of Counsel in Connection with his Guilty Plea**

Beale claims that his sentence was imposed in violation of the Constitution because his appointed counsel's performance was so inadequate that it violated his right to counsel under the Sixth Amendment to the Constitution.  Specifically, he claims counsel failed to: challenge his detention prior to the search of his mother's residence, challenge the warrantless entry into his mother's residence, move for suppression of evidence seized where there was no warrant or consent, interview and investigate witnesses, and challenge the validity of the search outside of the home. The Government correctly asserts that by entering into the plea agreement, Beale waived his ability to bring a collateral challenge on this basis.

A defendant may waive the right to collaterally attack his conviction and sentence, so long as the waiver is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th

Cir. 2005). Resolving whether a waiver is knowing and voluntary requires an examination of "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002). However, generally speaking, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir.2012).

Here, it is indisputable that Beale's plea agreement, which he signed, contained a provision regarding waiver of his right to collaterally attack his sentence. D.E. 25 at 1. Specifically, Beale agreed to give up "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255…." *Id.* Only claims of "ineffective assistance of counsel or prosecutorial misconduct not known to" Beale at the time of his plea were spared from this blanket waiver. *Id.*

At his arraignment Beale stated, under oath, that he had "the opportunity to thoroughly read and review" the plea agreement with his attorney prior to signing it. Arraignment Transcript, D.E. 54 at 17:1-4. Beale also informed the court that he understood all of the "terms, language, words, phrases, and meaning" contained in the plea agreement. *Id.* at 17:5-9. The court then specifically addressed the portion of the plea agreement containing the waiver language. *Id.* at 18:6-15. Beale repeatedly indicated that he understood the implications of this portion of the plea agreement. *Id.* Beale also indicated, prior to entering his plea, that his attorney had answered all of his questions and that he was satisfied with the representation provided by his attorney. *Id.* at 13:20-25. Based upon the language contained in the plea agreement and Beale's sworn statements at his arraignment, the court concludes that Beale made

a knowing and voluntary decision to waive his right to collaterally attack his sentence.  *See Carmichael v. United States*, No. 5:08-CR-229-FL-2, 2014 WL 495437, at *2-3 (E.D.N.C. Feb. 6, 2014) *aff'd*, 605 F. App'x 208 (4th Cir. 2015).

Given that Beale entered into the waiver knowingly and voluntarily, the next question is whether Beale knew of the alleged ineffective assistance of counsel prior to pleading guilty. Beale's own filings demonstrate that he was aware of the issues involving the validity of the search at his mother's house prior to pleading guilty.  He describes a meeting with his attorney prior to agreeing to the plea agreement where he "suggested that counsel build a defense around the warrantless entry of his mother's residence, but counsel disregarded that as a frivolous defense, reasoning that the officers' assertion that consent was given was sufficient enough to obviate that particular defense." D.E. 58-1 at 3.  Since Beale was aware of the issues that form the basis of his ineffective assistance of counsel claim prior to entering his guilty plea, his claim falls within the scope of the waiver and should be dismissed.

### B.      Ineffective Assistance of Counsel

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the assistance of counsel for his defense."  U.S. Const. amend VI.  A defendant's right to assistance of counsel may be violated if his attorney fails to provide adequate legal assistance.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  This right applies at all stages of a criminal proceeding, including sentencing.  *Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *United States v. Burkley*, 511 F.2d 47, 51 (4th Cir. 1975).

In *Strickland*, the Supreme Court held that a petitioner must satisfy a two-pronged test to establish a claim of ineffective assistance of counsel. 466 U.S. at 686–87. First, the petitioner must show that his attorney's performance fell below an objective standard of reasonableness. *Id.*

at 688. Courts must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*  In order to demonstrate prejudice after a defendant has plead guilty, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Moreover, Beale "must convince the court that such a decision would have been rational under the circumstances." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

### 1.     Failure to Challenge Investigatory Stop

Beale briefly argues that his attorney should have filed a motion challenging the fact that officers detained him by placing him in a patrol car while they searched his mother's house.  The Supreme Court has explained that "the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).  A court's analysis of the propriety of a *Terry* stop turns on "the totality of the circumstances[,] ... giv[ing] due weight to common sense judgments reached by officers in light of their experience and training." *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004).

Attached to Beale's Petition is a narrative report by Pitt County Deputy Sheriff N. N. Hollingsworth. D.E. 58-2 at 4–5. Deputy Hollingsworth's report states that he responded to a call of a male subject holding his girlfriend at gunpoint. *Id.* at 4. Upon arriving at the scene, Hollingworth spoke with Beale's mother, Betty Crudup, who informed him that Beale was upset, had a handgun, and had forced his girlfriend into the bathroom of Crudup's home.  *Id.* at 4.

7

Given Crudup's statements, the officers had reasonable suspicion to believe that he may have been involved in a crime. Thus, the officers' decision to temporarily detain did not run afoul of the Fourth Amendment. Any motion to suppress filed on that basis would have been meritless and Beale's counsel was not required to make it. *See, e.g., Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010). Therefore, Beale's argument on this point should be dismissed.

### 2. Failure to Challenge Search of his Mother's Residence

Beale argues that his counsel's should have filed a motion to suppress evidence gathered from his mother's house because the search of his mother's house violated the Fourth Amendment. However, the Supreme Court has explained that "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois*, 439 U.S. 128, 134 (1978). In other words, an illegal search of Beale's mother's house does not violate Beale's Fourth Amendment rights. *See id.*

Beale would only be able to invoke the Fourth Amendment's protections if he were able to show that he had legitimate expectation of privacy in her home. *Id.* at 143. In order to make this showing he would need to establish an "ownership or possessory interest in the property, and … [that] he has established a right or taken precautions to exclude others from the property." *United States v. Rusher*, 966 F.2d 868, 875 (4th Cir. 1992). Beale has not presented any allegations or evidence which would demonstrate that he could satisfy this standard.

In light of the fact that Beale has not established that he had a legitimate expectation of privacy in his mother's home, it is unlikely that he would have been able to prevail on his motion to suppress. In light of the challenging legal landscape facing Beale's attempt to suppress the evidence gathered from his mother's house, the court cannot find that counsel's failure to bring

such a motion resulted in his performance falling below the objective standard of reasonableness Beale was entitled to receive.  Therefore, Beale is not entitled to relief and the Government's Motion to Dismiss should be granted.

### C.    Ineffective Assistance in Connection with Sentencing[2]

Beale also asserts that his counsel's performance was constitutionally deficient at sentencing.  He claims that his attorney failed to move for suppression of evidence, failed to present an argument on the detention of him prior to the search of the residence, and failed to challenge the warrantless search of the residence and the seizure of the firearm. Beale further maintains that counsel could have obtained exculpatory evidence from his mother and his girlfriend. He maintains that such evidence would warrant an evidentiary hearing which, in turn, would result in the search being invalidated and the firearm seized being suppressed. The Government asserts that Beale's claims are foreclosed by both the waiver in his Plea Agreement and by his guilty plea. It further argues that Beale has failed to demonstrate that he was prejudiced by any alleged errors made by his counsel. Thus, Beale's present claims are not viable.

Just as with his claim for ineffective assistance of counsel in connection with his guilty plea, in order to demonstrate that ineffective assistance of counsel at sentencing, Beale must show that his attorney's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688.  In order to satisfy *Strickland*'s prejudice prong, Beale "must show a reasonable probability that he would have received a more lenient sentence if not for counsel's errors." *Whitley v. United States*, Nos. 7:07–CR–142–FL, 7:09–CV–144–FL, 2011 WL 2036704, at *2 (E.D.N.C. May 24, 2011) (citing *Glover v. United States*, 531 U.S. 198, 202–04 (2001);

---

[2]  Beale sought and received substitute counsel on November 3, 2011. D.E. 31.

*United States v. Russell*, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished)).  As discussed above, Beale's arguments on these points lack merit and his counsel's decision to refrain from raising them with the court did not constitute ineffective assistance of counsel. Therefore, the undersigned recommends that the court dismiss his Motion to Vacate.

## III.    Conclusion

For the foregoing reasons, the undersigned recommends that the court deny Beale's motion to vacate, set aside or correct sentence (D.E. 58) and grant the Government's motion to dismiss (D.E. 62).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel.  Each party shall have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation.  The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure**

to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: November 10, 2015.

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE