IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:11-CR-30-FL-1
NO. 4:14-CV-65-FL

| | | |
|---|---|---|
| ROYLIN JUNIUS BEALE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 58), and the government's motion to dismiss, (DE 62), to which petitioner filed a response in opposition. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R") (DE 68), wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion to dismiss. Petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R as set forth herein, and grants respondent's motion to dismiss.

## BACKGROUND

On March 16, 2011, a grand jury indicted petitioner on two counts: 1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924; and 2) possession of a firearm with a removed, obliterated, or altered serial number, in violation of 18 U.S.C. § 922(k) and § 924. On July 6, 2011, petitioner pleaded guilty to count one, with count two to be dismissed at sentencing,

pursuant to a plea agreement. The plea agreement provided that by accepting the agreement, defendant knowingly and expressly waived all rights to appeal, excepting the right to appeal a sentence in excess of the applicable advisory sentencing guidelines, and the right to appeal on the grounds of ineffective assistance of counsel or prosecutorial misconduct not known to petitioner at the time of his guilty plea.

On July 19, 2012, petitioner was sentenced by this court to 118 months, and petitioner appealed the sentence. In an unpublished opinion, the Fourth Circuit affirmed. Petitioner filed the instant motion to vacate his sentence on April 16, 2014, asserting claims on the basis of ineffective assistance of counsel. Respondent subsequently moved to dismiss.

**COURT'S DISCUSSION**

A.   Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without

2

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

Petitioner argues that he received ineffective assistance of counsel at two stages of his case: 1) counsel representing him with respect to his guilty plea did not adequately investigate and move for suppression of the firearm underlying his charges; and 2) counsel at sentencing, a different attorney, failed to argue properly in favor of suppression at sentencing. The government argues that petitioner was aware of initial counsel's alleged ineffectivness at the time he entered into the plea agreement, and therefore, waived his right to challenge it on collateral review. The government further asserts that, in any event, petitioner fails to demonstrate ineffective assistance of counsel.

Petitioner objects the magistrate judge's dismissal of petitioner's ineffective assistance of counsel claim on the merits: (1) petitioner should not be barred by the waiver in his plea arrangement, because he was not aware at the time that counsel's advice was faulty and deceptive; and (2) the magistrate judge erred in several respects in addressing the merits of his suppression

3

arguments.[1]

A plea colloquy affords the government "substantial protection against later claims that the plea was the result of inadequate advice." Missouri v. Frye, 132 S. Ct. 1399, 1406 (2012). "At the plea entry proceedings the trial court and all counsel have the opportunity to establish on the record that the defendant understands the process that led to any offer, the advantages and disadvantages of accepting it, and the sentencing consequences or possibilities that will ensue once a conviction is entered based upon the plea." Id.

Petitioner suggests that his plea waiver was not voluntary because his counsel deceived him about the frivolousness of potential arguments in support of suppression of evidence. Petitioner, however, admits to have discussed potential suppression arguments with counsel, noting that he "suggested that counsel build a defense around the warrantless entry of his mother's residence, but counsel disregarded that as a frivolous defense, reasoning that the officers' assertion that consent was given was sufficient enough to obviate that particular defense." (DE 58-1 at 3). Petitioner stated at the plea colloquy that he was satisfied with counsel's advice. (DE 54 at 13).

Counsel's advice to forego a defense that counsel regarded as frivolous, and to instead advise petitioner plead guilty, must be viewed from counsel's perspective at the time of the plea, and without distorting influence of hindsight. See Premo v. Moore, 562 U.S. 115, 125 (2011). As shown by the analysis in the M&R as amplified below, petitioner's asserted arguments in favor of suppression of evidence in this case are not such a "likely . . . succe[ss]" as to call into question the

---

[1] Petitioner does not object to the magistrate judge's recommendation that petitioner failed to demonstrate counsel at sentencing was ineffective, or that counsel was ineffective for failing to raise any argument concerning petitioner's detention when officers arrived on scene. The court has reviewed the evidence in the record, and finds there is no clear error in these conclusions. Accordingly, the court adopts the M&R as it concerns the effectiveness of sentencing counsel, and petitioner's detention, without further analysis.

reasonableness of counsel's advice, nor prejudice resulting therefrom. Hill v. Lockhart, 474 U.S. 52, 59 (1985). In other words, petitioner has failed to show that a decision to forego a guilty plea and proceed to trial would have been objectively reasonable in light of all the circumstances. See id. at 59-60. Thus, petitioner has failed to demonstrate his plea was involuntary or that counsel was ineffective.

The court writes separately to amplify the analysis in the M&R regarding the suppression arguments advanced by petitioner. Petition suggests that the M&R failed to adequately take into account the new evidence presented with the § 2255 motion, including statements that his mother never gave consent, or that officers exceeded her consent. Because there was a substantial basis in investigative reports for a reasonable attorney to conclude that a suppression motion would be unwarranted, however, the new items of evidence now proffered, such as the affidavits petitioner's mother recently prepared in preparation for the instant motion, do not raise an issue of fact requiring a hearing.

For example, the police reports, including a statement rendered on the scene by petitioner's mother on the day of the incident giving rise to the indictment, support counsel's stated reasoning that a suppression motion focused on the lack of warrant and purported lack of consent would be "frivolous." (See DE 58-2 at 4-13). Petitioner's mother is the individual who called law enforcement, because she witnessed him threatening his girlfriend with a firearm. (See id.). She subsequently provided a statement, on the day in question, in which she declared her son had the firearm, and that she had told him to take it out of her house immediately, to which he responded that she should "make him." (Id. at 10). Although there are no formal consent forms attached to the reports, all reports indicate that petitioner's mother gave consent for a search of her residence

5

to find the firearm. (See, e.g., id. at 7 ("I asked [petitioner's mother] if we had permission to enter her residence to search her residence including a firearm [sic]. [Petitioner's mother] informed us that we had her permission to search her residence and that she would even help us search it if need be")). Law enforcement has the authority to conduct warrantless searches if "permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the . . . effects sought to be inspected." United States v. Matlock, 415 U.S. 164 (1974). "'Common authority' in the context of third-party consent is not merely a question of property interest. Rather it requires evidence of mutual use by one generally having joint access or control for most purposes." United States v. Buckner, 473 F.3d 551, 554 (4th Cir. 2007)(quotations omitted). "As long as the facts available to the officer at the moment . . . warrant a person of reasonable caution in the belief that the consenting party had authority, apparent authority to consent exists, and evidence seized or searched pursuant to that consent need not be suppressed." Id. at 555. (internal punctuation omitted).

In addition, the reports also demonstrate that the firearm may have been in plain view, therefore eliminating the need for consent to search entirely. See, e.g., United States v. Jackson, 131 F.3d 1105, 1109 (4th Cir. 1997). As the officers were summoned to a perceived ongoing emergency by the homeowner, petitioner's mother, the officers were in a lawful vantage point when they viewed the handgun.

> Deputy Hollingsworth pointed to a hole in the underpinning of the trailer. I looked inside the hole, standing beside the back stepps [sic] of the residence, and I could see the handle of a black handgun, sticking out of a piece of vent tubing. There was what appeared to be a kitchen rug thrown partially over the tubing, but I could clearly see a black handgun.

(DE 58-2 at 8).

6

In sum, petitioner has shown neither ineffective performance nor prejudice resulting from his counsel's decisions not to investigate further or move to suppress evidence, and counsel's advice instead to plead guilty. Accordingly, petitioner has failed to undermine the validity of his plea waiver, and failed to establish ineffective assistance of counsel. Therefore, petitioner's § 2255 motion must be dismissed.

C.   Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge as set forth herein. The government's motion to dismiss (DE 62) is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence (DE 58) is DENIED. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

7

SO ORDERED, this the 24th day of February, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

8